# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

SYLVESTER SLAY, JR.,            )
                                )
   Plaintiff,                  )
                                )
v.                              )   Case No.  1:16-cv-00555-MHH-HNJ
                                )
TUSCALOOSA COUNTY JAIL, et      )
al.,                            )
                                )
   Defendants.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The plaintiff filed an amended *pro se* complaint pursuant to 42 U.S.C. §1983, alleging violations of his rights under the United States Constitution or laws.  (Doc. 10).  The plaintiff names the following defendants in the amended complaint: Tuscaloosa County Jail, Chief Eric Bailey, Correctional Officers Montgomery, Waid, and Norris, Supervisor Anderson, and Dr. Bobo.  (*Id.* at 1, 3).  The plaintiff seeks monetary relief.  (*Id.* at 7).  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the court referred the amended complaint to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).  Pursuant to the following analysis, the undersigned recommends dismissal of all claims in this action pursuant to 28 U.S.C. § 1915A(b)(1), except the plaintiff's Eighth

Amendment excessive force claim against defendant Waid, his Eighth Amendment medical claim against defendant Bobo, and his Eighth Amendment conditions of confinement claims against defendant Bailey.

## I. Standard of Review

The Prison Litigation Reform Act, 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which does not state a claim upon which relief can be granted. *Id.* Moreover, the court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), the court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Id*. at 327.

Moreover, a court may dismiss a complaint pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. A review on this ground proceeds by the same standards as dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Jones v. Bock*,

549 U.S. 199, 215 (2007); *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001) (noting that the language in § 1915A(b)(1) mirrors the language in 28 U.S.C. § 1915(e)(2)(B)(ii), which tracks the language in Rule 12(b)(6)).

To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Similarly, when a successful affirmative defense, such as the applicable statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

Courts hold *pro se* pleadings "to a less stringent standard than pleadings drafted by attorneys" and liberally construe them. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, such pleadings must still allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Factual Allegations

On or about March 15, 2016, the plaintiff was lying under stairs in the Tuscaloosa County Jail's B4 section. (Doc. 1 at 6; Doc. 10 at 4). The plaintiff lay on a mat consisting of two large towels and a piece of cushion between the towels. (Doc. 10 at 4). Correctional Officer Waid ordered the plaintiff to give the mat to him. (*Id.*). The plaintiff rose to a seated position. (*Id.*). Officer Waid approached the plaintiff, reached down, and snatched the mat from underneath the plaintiff, causing the plaintiff to lift off the ground, and "crash[ ]" down on his lower back on the concrete floor. (*Id.*). The plaintiff alleges he sustained injury to his back and severe pain. (*Id.*). The plaintiff completed a grievance concerning Officer Waid's actions and submitted the grievance to Officer Norris. (Doc. 10 at 4). However, Norris did not take any action. (*Id.*).

The plaintiff submitted a medical request concerning his back pain. (Doc. 10 at 4). Almost a week later, Dr. Bobo saw the plaintiff and prescribed him ibuprofen for pain. (*Id.*). Dr. Bobo did not examine the plaintiff's back. (*Id.*). The plaintiff completed a grievance form in which he complained of inadequate medical care. (*Id.*). The plaintiff submitted the grievance to Officer Montgomery, but Montgomery failed to respond to the grievance. (*Id.*). Members of the plaintiff's family contacted Chief Eric Bailey concerning the plaintiff's medical care, but Bailey took no action. (Doc. 10 at 4-5).

During the plaintiff's nine (9) month incarceration at the Tuscaloosa County Jail, officials forced him to sleep on the floor of a two man cell which was assigned to three to four inmates. (Doc. 10 at 5). As a result of overcrowding, the plaintiff sat on the steps or stood to eat because the facility lacked enough tables and chairs. (*Id.*). The plaintiff submitted grievances to Chief Bailey and Supervisor Anderson concerning the overcrowding, but Bailey and Anderson failed to respond. (*Id.*).

In addition, jail staff fed inmates, including the plaintiff, cold food. (Doc. 10 at 5). Rats populated the jail, and they urinated and defecated on the inmates' meal tables. (*Id.*). At night, the rats would crawl underneath cell doors. (*Id.* at 5-6). When a grand jury traveled through the facility, jail staff would "lock [inmates] down to hide the living conditions and the over capacity of the jail." (*Id.* at 6). The plaintiff and his cellmates submitted grievances to Supervisor Anderson to forward to Chief Bailey, but they did not receive a response. (*Id.*).

### III. Analysis

#### A. Tuscaloosa County Jail

The plaintiff names the Tuscaloosa County Jail as a defendant. (Doc. 10 at 1). However, the Tuscaloosa County Jail is not a legal entity subject to suit under 42 U.S.C. § 1983 and therefore is not a proper party defendant in this action. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Accordingly, the undersigned

recommends dismissal of the plaintiff's claims against the Tuscaloosa County Jail for failure to state a claim upon which relief may be granted.

### B. Officer Waid

The plaintiff alleges that on March 15, 2016, Officer Waid snatched a mat from underneath him, causing plaintiff to fall and injure his back. (Doc. 1 at 6; Doc. 10 at 4). To prove an Eighth Amendment claim of excessive force by a guard, the plaintiff must show that "force was applied" by the defendant "maliciously and sadistically for the very purpose of causing harm." *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). To the extent the plaintiff alleges Waid used excessive force against him in violation of the Eighth Amendment, the plaintiff has stated sufficient facts to warrant a response from Officer Waid.

### C. Dr. Bobo

The plaintiff claims that after he injured his back on March 15, 2016, he submitted a request for medical care. (Doc. 10 at 4). A week later, Dr. Bobo saw the plaintiff, but failed to examine the plaintiff's back. (*Id.*). Instead, Dr. Bobo merely prescribed the plaintiff ibuprofen for pain. (*Id.*).

An Eighth Amendment claim charging inadequate medical care must depict that a governmental official exhibited a deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A deliberate indifference to a serious medical need claim requires the following elements: "(1) a

serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).

The plaintiff has alleged sufficient facts to state an Eighth Amendment medical claim against Dr. Bobo for deliberate indifference. Thus, the plaintiff's claim against Dr. Bobo should proceed at this juncture.

### D. Chief Bailey

The plaintiff complains that during his nine (9) month incarceration at the Tuscaloosa County Jail, officials forced him to sleep on the floor of a two man cell which was assigned to three, sometimes four, inmates. (Doc. 10 at 5). As a result of overcrowding, the plaintiff had to sit on the steps or stand to eat due to the lack of sufficient tables and chairs. (*Id.*).

In addition, the plaintiff claims the jail staff fed him cold food. (Doc. 10 at 5). He alleges rats populated the jail and would urinate and defecate on the inmates' meal tables. (*Id.*). At nights, rats would crawl underneath cell doors. (*Id.* at 5-6). The plaintiff claims jail staff would "lock [inmates] down to hide the living conditions and the over capacity of the jail" when the grand jury walked through. (*Id.* at 6).

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth

Amendment."[1]  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  In order to establish an Eighth or Fourteenth Amendment violation, a plaintiff "must prove three elements: (1) a condition of confinement that inflicted unnecessary pain or suffering [constituting cruel and unusual punishment], . . . (2) the defendants['s] 'deliberate indifference' to that condition . . . and (3) causation . . . ."  *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993) (footnotes and internal citation omitted).  Whether a particular condition of confinement constitutes cruel and unusual punishment is an objective inquiry; whether prison officials were deliberately indifferent to that condition is a subjective inquiry.  *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

Liberally construing the plaintiff's amended complaint, he alleges defendant Bailey, as Chief of Operations, was deliberately indifferent to the conditions of confinement at the Tuscaloosa County Jail in violation of the Eighth Amendment.  The plaintiff has stated sufficient factual allegations to require a response from defendant Bailey.

---

[1]  Deliberate indifference claims on behalf of pretrial detainees are brought under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to convicted prisoners.  *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996).  However, the applicable standard is the same, so "decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees."  *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996).

### E. Grievances

The plaintiff alleges he submitted grievances to Chief Bailey, Officer Montgomery, Officer Norris, and Supervisor Anderson concerning Officer Waid's conduct, the plaintiff's medical care, and/or the conditions of his confinement at the Tuscaloosa County Jail. (Doc. 10 at 4-6). The plaintiff claims the defendants failed to respond to his grievances.

The plaintiff's assertions that defendants Bailey, Montgomery, Norris, and Anderson failed to respond to his grievances do not state a constitutional claim because an inmate has no constitutionally protected interest in an administrative grievance procedure. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) ("[A]n inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure."); *Moore v. McLaughlin*, 569 Fed. App'x 656, 659 (11th Cir. 2014) (holding that a prisoner has no constitutionally protected liberty interest in access to prison's grievance procedure, and thus, could not base a § 1983 claim on prison official's alleged failure to respond appropriately to his grievances). Therefore, the undersigned recommends dismissal of plaintiff's claims that defendants Bailey, Montgomery, Norris, and Anderson failed to respond to his grievances for failing to state a claim upon which relief may be granted.

## IV. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** all claims in this action, except the plaintiff's Eighth Amendment excessive force claim against defendant Waid, his Eighth Amendment medical claim against defendant Bobo, and his Eighth Amendment conditions of confinement claims against defendant Bailey, be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted. The undersigned **FURTHER RECOMMENDS** the remaining claims be **REFERRED** to the undersigned for further proceedings.

## V. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered.  Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection. Failure to object to factual findings will bar later review of those findings, except for plain error.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).  Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address.

Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

DONE this 10th day of July, 2017.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE